O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES MARTINEZ,<br><br>                Plaintiff,<br>     v.<br>NAVY LEAGUE OF THE UNITED STATES,<br><br>                Defendant. | Case No. 2:13-cv-5533-ODW(FFMx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [24] AND DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S PLEADINGS, STRIKE RECAST COMPLAINT, AND SERVE SUPPLEMENTAL PLEADING [26]** |

## I. INTRODUCTION

Plaintiff Dolores Martinez, proceeding *pro se*, alleges in her First Amended Complaint ("FAC") that she had a "trip and fall" accident while attending an event sponsored by Defendant Navy League of the United States ("Navy League"). (FAC ¶ 7.) This Court has subject-matter jurisdiction based on diversity under 28 U.S.C. § 1332(a). On October 21, 2013, Navy League filed the present Motion to Dismiss Martinez's FAC under Federal Rules of Civil Procedure 41(b), or in the alternative, under Rule 12(b)(6). (ECF No. 24.) Subsequently, Martinez filed a Motion to Strike Defendant's Pleading, Strike Recast Complaint, and Serve Supplemental Pleading. (ECF No. 26.) For the reasons discussed below, the Court **GRANTS** Navy League's Motion to Dismiss and **DENIES** Martinez's Motion.[1]

---

[1] After carefully considering the papers filed in connection with these Motions, the Court deems these matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. BACKGROUND

Martinez is appearing *pro se* in this action. Her FAC lists one claim for personal injury against Navy League. (FAC ¶ 17.) She asserts that she was injured as a direct result of Navy League's negligence in violation of section 39933 of the California Government Code. (FAC ¶¶ 1–2.) This claim relates to Martinez's attendance at a Navy Week event at the Los Angeles Harbor on July 31, 2011, where she had planned to take a tour of the USS Abraham Lincoln. (FAC ¶ 13.) Martinez alleges that on her way to the aircraft carrier she was forced by the crowd to walk along the perimeter of the path, against a fence. (FAC ¶ 15.) She then alleges that she tripped over a bracket holding up the fence and sustained serious injuries. (FAC ¶ 20.)

Martinez filed her original Complaint on July 31, 2013. (ECF No. 1.) On September 19, 2013, the Court granted with leave to amend Navy League's Motion to Dismiss Martinez's original Complaint for non-opposition. (ECF No. 11.)

On October 3, 2013, Martinez filed her FAC, along with a "Request for Review of Recast Complaint". (ECF Nos. 16, 17.) The Court then struck as moot her "Request for Review," since it had no legal foundation. (ECF No. 19.) Navy League filed the present Motion to Dismiss Martinez's FAC on October 21, 2013. (ECF No. 24.) Martinez subsequently filed her own Motion on November 4, 2013. (ECF No. 26.) She asks the Court to (1) "strike Defendant's pleading," (2) "strike recast complaint," and (3) to allow her to "serve supplemental pleadings." She filed no formal opposition to Navy League's Motion to Dismiss her FAC.

## III. LEGAL STANDARD

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement—to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); Fed. R. Civ.

P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While specific facts are not necessary so long as the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Iqbal*'s plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," but does not go so far as to impose a "probability requirement." *Id.* Rule 8 demands more than a complaint that is merely consistent with a defendant's liability—labels and conclusions, or formulaic recitals of the elements of a cause of action do not suffice. *Id.* Instead, the complaint must allege sufficient underlying facts to provide fair notice and enable the defendant to defend itself effectively. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

When considering a Rule 12(b)(6) motion, a court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Conclusory allegations, unwarranted deductions of fact, and unreasonable inferences need not be blindly accepted as true by the court. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Yet, a complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts" supporting plaintiff's claim for relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

In addition, pleadings of *pro se* litigants are held to less rigid standards than those drafted by attorneys. *Haines v. Kerner*, 404 US 519, 520 (1972). Yet, even *pro*

*se* pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't. of the Navy*, 66 F3d 193, 199 (9th Cir. 1995).

## IV. DISCUSSION

Martinez argues in her Motion that the filing of her FAC was "inadvertent" and that the Court should strike it. She also argues that Navy League's Motion to Dismiss is a "sham" and that the Court should allow her to re-file her FAC. (ECF No. 26 ¶¶ 1–3.) In the Motion to Dismiss, Navy League argues that the FAC should be dismissed under Rule 41(b) for failure to comply with a court order, or in the alternative, under Rule 12(b)(6) for failure to state a claim. (ECF No. 24.)

**A. Plaintiff's Motion to Strike Defendant's Pleadings, Strike Recast Complaint, and Serve Supplemental Pleadings**

While Martinez's Motion was filed after Navy League's Motion to Dismiss, the Court finds it appropriate to address her Motion first. Martinez moves the court to (1) strike Defendant's pleadings, strike recast complaint, and serve supplemental pleadings. *Id.* For the reasons discussed below, the Court **DENIES** the Motion and instead interprets it as Martinez's Opposition to the Motion to Dismiss.

First, in Martinez's Motion, she initially asks the Court to "strike Defendant's pleadings." She refers to docket number 24 as the "pleading" she argues should be stricken. (ECF No. 26, ¶ 1.) Docket number 24 is Navy League's Motion to Dismiss—not a pleading. Fed R. Civ. P. 7(a)–(b). Because Navy League has yet to plead anything in this case, Martinez's Motion to Strike is flatly inapplicable at this stage of litigation. Therefore, the Court is unable to grant the requested relief.

Second, Martinez's request that the Court strike her FAC cannot be granted. On October 3, 2013, Martinez filed what she called a "Request for Review of Recast Complaint." (ECF No. 17.) Attached to that request was her FAC. (ECF No. 16.) Martinez asserts that she did not intend these documents to be filed separately, but instead wanted her FAC to be an attachment to the request for review. (ECF No. 26,

5.) She claims she wanted the Court to review her FAC, but instead the two documents were detached, and her FAC was inadvertently filed upon the insistence of the intake clerk. *Id.* The request for review was improper, and groundless. The Court does not play the role of counsel, and will not review pleadings before they are submitted. Further, Martinez's FAC—rather than a request for review—needed to be filed on or before October 3, 2013. The docket in this case reflects that Martinez's FAC was filed on time, despite her best efforts to the contrary. (ECF No. 16.) Obliging her request for review would have rendered any subsequently filed "official" FAC untimely. Consequently, the Court cannot grant Martinez's request that her FAC be stricken.

Martinez also moves the Court to "serve supplemental pleadings." Her request is unintelligible. She quotes the entire text of Rule 15(d), and then inexplicably makes reference to ongoing settlement negotiations with Navy League. References to settlement negotiations have no bearing on Martinez's statement of a claim. *See* Fed. R. Civ. P. 15(d). The Court further notes that references to settlement negotiations are utterly inappropriate and inadmissible as evidence of liability under Federal Rule of Evidence 408. The Court is unable discern what it is Martinez wants, and thus cannot grant Martinez's request.

In light of the discussion above, the Court instead construes Martinez's Motion as an opposition to Navy League's Motion to Dismiss. The caption to her Motion reads "L.R. 7-9 Opposing Papers." Also, the filing makes multiple references to Navy League's Motion to Dismiss. Although Martinez's Motion did not address any of the merits of Navy League's arguments, it seemed at times to be attacking the procedural validity of Navy League's Motion to dismiss. Therefore, the Court finds that Martinez intended her noticed Motion to actually be an opposition to Navy League's Motion to Dismiss. In so far as an actual noticed motion has been filed, the Court **DENIES** that Motion. With this in mind, the Court now turns to the substance of Navy League's Motion to Dismiss.

### B. Defendant's Motion to Dismiss

Navy League moves to dismiss on two grounds. First, Navy League argues that Martinez's FAC should be dismissed under Rule 41(b) for failure to comply with a court order. Second, Navy League contends that the FAC fails to state a claim and should be dismissed under Rule 12(b)(6).

#### 1. Rule 41(b): Failure to Comply With Court Order

Navy League first argues that Martinez's FAC should be dismissed under Rule 41(b) because she failed to correct the deficiencies identified in Navy League's prior Motion to Dismiss, as ordered by this Court, and she failed to timely file her FAC. (Def.'s Mot. 10.) As discussed below, the Court finds these arguments unavailing.

A defendant may move to dismiss an action or any claim against it, if a plaintiff fails to comply with a court order. Fed. R. Civ. P. 41(b). However, dismissal on these grounds rests in the court's sound discretion. *Link v. Wabash R.R. Co.*, 370 US 626, 633 (1962). In addition, courts are strongly inclined to reach decisions on the merits. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

Martinez's failure to correct the deficiencies identified in Navy League's original Motion to Dismiss does not warrant dismissal. On September 19, 2013, this Court granted Navy League's Motion to Dismiss the original Complaint with 14 days leave to amend. (ECF No. 11.) The Court warned that "refiling the original Complaint without addressing the deficiencies raised in Navy League's Motion to Dismiss may result in dismissal of this case." *Id.* at 3. Although the Court alluded to the deficiencies in her original Complaint, those issues were not specifically addressed by the Court, and the ultimate grounds for dismissal were procedural, in that she failed to oppose Navy League's Motion to Dismiss. Absent an express order from the Court regarding the particular defects in Martinez's Complaint, dismissal under this argument is unwarranted.

Additionally, Martinez's timely submission of her FAC is not at issue, and cannot serve as grounds for dismissal under the instant Motion. Under the Court's

Order, Martinez was required to file an FAC no later than October 3, 2013. (ECF No. 11.) As discussed above, rather than intending to file an amended complaint, Martinez tried to file what she called a "Request to Review Recast Complaint" and attached to that request her FAC. (ECF Nos. 16, 17.) Yet the docket reflects her FAC was filed on time, notwithstanding Martinez's intention to merely submit a draft. (ECF No. 16.) The Court considers the FAC timely.

While Martinez's original Complaint was dismissed on procedural grounds, the Court this time around chooses to reach the merits of Martinez's FAC. *Yourish*, 191 F.3d at 990. The Court thus finds dismissal under 41(b) unfitting.

### 2. Rule 12(b)(6): Failure to State a Claim

Navy League's second ground for dismissal is more availing. Navy League next argues that the Court should dismiss Martinez's FAC because it fails to state a claim for relief. (Def.'s Mot 12.) In her FAC, Martinez refers generally to her "cause of action" as a "personal injury" claim, and the facts alleged in her FAC could be construed as an attempt to plead a general negligence claim. (FAC ¶ 48.) She further cites violation of section 39933 of the California Government Code as her basis of Navy League's duty under what looks to be negligence *per se*. *Id* at 2. As grounds for dismissal under Rule 12(b)(6) Navy League contends that (1) section 39933 is inapposite in the instant case, and (2) Martinez fails to sufficiently plead general negligence in her FAC. (Def.'s Mot. 13−14.)

Under California law, where a negligence action is predicated on a defendant's violation of a statute, plaintiffs may be entitled to the benefit of the negligence *per se* doctrine in establishing their prima facie case. Cal. Evid. Code § 669(a); *Quiroz v. Seventh Ave. Ctr.*, 45 Cal. Rptr. 3d 222, 244 (Cal. Ct. App. 2006). This evidentiary doctrine presumes defendant's duty and breach, and the only issue left for plaintiff to prove is whether the violation proximately caused the injury. *Id.*

Here, Martinez predicates her negligence claim on a violation of section 39933 titled "Public Access to Navigable Waters, Water Fronts, And Streets." Martinez's

reliance on this statute is misplaced. Section 39933 addresses the public trust doctrine in California, essentially the state's power to control, regulate and utilize its navigable waterways and the lands lying beneath them. *Pers. Watercraft Coal. v. Bd. of Supervisors*, 122 Cal. Rptr. 2d 425, 437 (Cal. Ct. App. 2002). Martinez's claim has no relation to the public trust doctrine, and the Court finds no authority for section 39933's appropriate application under these circumstances. Moreover, Martinez's FAC does not provide the Court with any support—and the Court finds none—for the assertion that Martinez's alleged injury was of a "nature which [section 39933] was designed to prevent." Cal. Evid. Code § 669(a)(3). Accordingly, section 39933 cannot avail Martinez of the benefit of the negligence *per se* doctrine.

As stated above, the facts alleged in Martinez's FAC could also be construed as an attempt to plead a general negligence claim. (FAC ¶ 16.) The first element of any negligence claim is the existence of a duty, and where there is no duty, there can be no negligence. *Toomer v. U.S.*, 615 F.3d 1233, 1236 (9th Cir. 2010). Furthermore, the existence of a duty of care is a separate issue from the question of whether a defendant breached that duty of care. *Kockelman v. Segal*, 71 Cal. Rptr. 2d 552, 556 (Cal. Ct. App. 1998). Here, Martinez merely pleads that she was injured at a Navy League sponsored event, and as such Navy League owed her a duty, yet she provides no further facts to support that claim. Martinez fails to assert that Navy League was the owner of the premises, or that it was in possession of the premises where she was injured. *Cody F. v. Falletti*, 112 Cal. Rptr. 2d 593, 601 (Cal. Ct. App. 2001). She also fails to allege that Navy League had reason to anticipate the probability of an injury, or that it had an opportunity to prevent the injury or warn of the peril. *Id.* Not only has Martinez failed to establish a duty owed to her by Navy League, she fails to plead facts relevant to whether any breach of such a duty constitutes actionable negligence. *Id.* In other words, Martinez has failed to plead *how* Navy League failed to act reasonably. Legal labels and conclusions, or formulaic recitals of the elements of a

cause of action do not suffice when stating a claim. *Iqbal*, 556 U.S. at 678. Therefore, the FAC fails to state a claim under Rule 12(b)(6).

Accordingly, the Court **GRANTS** Navy League's Motion to Dismiss.

### V. CONCLUSION

For the above reasons, the Court construes Martinez's Motion as her opposition, and in so far as an actual noticed motion has been filed, the Court **DENIES** that Motion. (ECF No. 26.) Also, the Court **GRANTS** Navy League's Motion to Dismiss with **LEAVE TO AMEND**. (ECF No. 24.) Martinez may file a Second Amended Complaint within 14 days of this order. However, she is warned that filing another Complaint without addressing the deficiencies raised in this Order will result in dismissal of this case *with prejudice*.

**IT IS SO ORDERED.**

November 25, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**