**O**

# United States District Court
# Central District of California

| | |
|---|---|
| DOLORES MARTINEZ, | Case No. 2:13-cv-5533-ODW(FFMx) |
|         Plaintiff, | |
|     v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STRIKE [38]** |
| NAVY LEAGUE OF THE UNITED STATES, | |
|         Defendant. | |

## I.   INTRODUCTION

Plaintiff Dolores Martinez alleges in her Second Amended Complaint ("SAC") that she had a "trip and fall" accident while attending an event sponsored by Defendant Navy League of the United States ("Navy League"). (SAC ¶ 3.)  Martinez is a *pro se* plaintiff.  This Court has subject-matter jurisdiction based on diversity under 28 U.S.C. § 1332(a).  On December 20, 2013, Navy League filed the present Motion to Dismiss, or in the alternative, Strike Martinez's SAC. (ECF No. 38.)  This is Navy League's third motion to dismiss in this matter.  For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion.[1]

/ / /

---

[1] Having carefully considering the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II.   FACTUAL BACKGROUND

The SAC lists one claim for personal injury against Navy League.   Martinez alleges that she was injured while attending a Navy Week event at the Los Angeles Harbor on July 31, 2011.  The Navy League was a sponsor of the event.  According to Martinez, she tripped and fell over a fence bracket on her way to tour the USS Abraham Lincoln.  Martinez alleges that she sustained serious injuries as a result of the fall.

The original Complaint in this action was filed on July 31, 2013.  (ECF No. 1.) On September 19, 2013, the Court granted Navy League's Motion to Dismiss the original Complaint for non-opposition.  (ECF No. 11.)  Martinez subsequently filed a First Amended Complaint, and Navy League again moved to dismiss.  (ECF Nos. 16, 24.)  On November 25, 2013, the Court granted Navy League's Motion to Dismiss the FAC on the merits.  (ECF No. 35.)

The instant Motion was filed by Navy League on December 20, 2013.  (ECF No. 38.)  Martinez filed an opposition on January 15, 2014.  (ECF No. 39.)  Navy League filed a Reply on January 17, 2014.  (ECF No. 40.)  The Court took the matter under submission on January 28, 2014.

## III.   LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.   A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).   But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

An entire pleading or portions of the pleading may also be stricken under Federal Rule of Civil Procedure 12(f). *Fed. Sav. & Loan v. Gemini Mgmt.*, 921 F.2d 241, 243 (9th Cir. 1990).   A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."   Fed. R. Civ. P. 12(f).

## IV.   DISCUSSION

Navy League asks the Court to grant four alternative forms of relief.   First, Navy League contends that the SAC should be dismissed for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).   Navy League also seeks dismissal of the entire SAC for failure to state a claim under Rule 12(b)(6).   In the alternative, Navy League moves to strike portions of the SAC pursuant to Rule 12(f), and for a more definite statement under Rule 12(e).   The Court addresses each argument in turn.

**A.     Rule 41(b): Failure to Comply With Court Order**

Navy League first argues that the Court should dismiss the SAC for failure to comply with this Court's November 25, 2013 Order.   (Mot. 9–11.)   In that Order, this Court dismissed Martinez's FAC for failure to state a claim under Rule 12(b)(6). (ECF No. 35.)   According to Navy League, Martinez's SAC does not correct the deficiencies that resulted in the dismissal of her last complaint.

/ / /

1   A defendant may move to dismiss an action or any claim against it, if a plaintiff

2   fails to comply with a court order.  Fed. R. Civ. P. 41(b).  However, dismissal on these

3   grounds rests in the court's sound discretion.  *Link v. Wabash R.R. Co.*, 370 US 626,

4   633 (1962).  Moreover, courts are strongly inclined to reach decisions on the merits.

5   *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

6   The Court finds that, while the SAC is hardly a model of perfection, Martinez

7   has attempted to address a number of the deficiencies that resulted in the prior

8   dismissal of her complaint.  Therefore, the Court declines to dismiss the SAC under

9   Rule 41(b).

10   **B.   Rule 12(b)(6): Failure to State a Claim**

11   Navy League also contends that SAC should be dismissed for failure to state a

12   claim under Rule 12(b)(6).  (Mot. 11–13.)  Navy League argues that the SAC relies on

13   a single theory of negligence *per se*, which cannot be sustained, because the statute

14   that Martinez relies on, California Government Code section 39933, is inapplicable.

15   Navy League is correct that section 39933 cannot serve as a basis for

16   Martinez's personal-injury claim.  The Court refers all parties to its November 25,

17   2013 Order for a detailed explanation.  (ECF No. 35.)  Nevertheless, the Court finds

18   that the SAC does contain sufficient allegations to put Navy League on notice of

19   Martinez's personal-injury claim under a regular theory of negligence.  Unlike the

20   First Amended Complaint that the Court dismissed, the SAC contains additional

21   factual allegations regarding Navy League and its role at the Navy Week event.  These

22   factual allegations—such as Navy League being a sponsor of the event and failing to

23   cure safety hazards—go directly to the elements of duty and breach, which the Court

24   found lacking in Martinez's FAC.  While the Court recognizes that Martinez remains

25   misinformed regarding the applicability of section 39933 to her claim, the Court can

26   easily ascertain that Martinez is suing Navy League on a negligence theory.

27   Pleadings of *pro se* litigants are held to less rigid standards than those drafted

28   by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  But *pro se* pleadings must

also "meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."  *Brazil v. U.S. Dep't. of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995).  In this case, the Court finds that Martinez has met the minimum threshold in the SAC.

## C.   Rule 12(f): Motion to Strike

The Court finds merit with Navy League's assertion that portions of the SAC should be stricken.

First, the Court **STRIKES paragraph 5A** in the SAC.  The paragraph alleges loss of consortium, which is not available to Martinez as a matter of law.  *Rodriguez v. Bethlehem Steel Corp.*, 12 Cal. 3d 382, 408 (1974) ("[I]n California each spouse has a cause of action for loss of consortium . . . caused by a negligent or intentional injury to the other spouse by a third party.")  Martinez is the only plaintiff in this action and she is alleging a direct injury from the slip and fall.  Loss of consortium is only available to the spouse of the directly injured party.

Next, the SAC makes reference to settlement negotiations that have allegedly occurred between Martinez and Navy League's insurance carrier.  Under Federal Rule of Evidence 408, settlement negotiations are inadmissible as evidence of liability.  They are also not the proper purview of pleading.  Therefore, the Court **STRIKES paragraphs 5D–E** in the SAC.

Moreover, as discussed above and in the Court's November 25, 2013 Order, California Government Code section 39933 is inapplicable to this case.  Accordingly, the Court **STRIKES all references to section 39933** from the SAC.  Martinez is warned that the Court will not entertain anymore filings or arguments that make reference to section 39933.  However, factual allegations contained in the same paragraph or sentence as a reference to section 39933 remain.  The Court reads the SAC as asserting a general negligence claim only.

/ / /

/ / /

**D.      Rule 12(e): Motion for More Definite Statement**

Lastly, the Court finds Navy League's arguments in support of a more definite statement under Rule 12(e) unpersuasive.  "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is also vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12 (e).  Motions under Rule 12(e) are disfavored.  Here, the Court finds that the SAC is coherent and, as stated above, it is readily understood that Martinez is asserting a claim based on negligence.  The SAC includes allegations of the who, what, when, where, why, and how of Martinez's claim.  A more definite statement would only prolong this case further.  There is enough information in the SAC to allow Navy League to prepare an adequate response.

## V.      CONCLUSION

For the reasons discussed above, Defendant Navy League's Motion is **GRANTED IN PART** and **DENIED IN PART.**  (ECF No. 38.)  The Court hereby **STRIKES** the portions of the Second Amended Complaint discussed in Part IV-C above, and **DENIES** the remainder of Navy League's Motion.

**IT IS SO ORDERED.**

February 12, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**