**O**

# United States District Court
# Central District of California

| | |
|---|---|
| DOLORES MARTINEZ,<br>           Plaintiff,<br><br>   v.<br><br>NAVY LEAGUE OF THE UNITED STATES,<br>           Defendant. | Case No. 2:13-cv-5533-ODW(FFMx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER [49] AND SETTING DEADLINE FOR MANDATORY SETTLEMENT CONFERENCE** |

     Before the Court is Defendant Navy League of the United States' Motion for Leave to Amend Answer filed on April 8, 2014. (ECF No. 49.) In the Motion, Navy League seeks leave to amend its original Answer, filed on February 19, 2014, to add an affirmative defense under California Civil Code section 846. Plaintiff Dolores Martinez, who is representing herself in this action, filed a timely Opposition to the Motion. (ECF No. 53.) Having carefully considered the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7–15.

     Federal Rule of Civil Procedure 15(a)(2) instructs courts to "freely give leave to amend when justice so requires." The decision whether to permit leave to amend rests in the sound discretion of the trial court. *California v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004). In determining whether leave to amend should be granted,

at least four factors are considered: (1) undue delay; (2) bad faith or dilatory motive; (3) prejudice to the opposing party; and (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007).

Here, the Court finds no undue delay in Navy League seeking leave to amend its answer. This Motion was filed less than two months after the answer was filed and the deadline to amend pleadings is still months away. The Court also finds no evidence of bad faith or dilatory motive on the part of Navy League in seeking leave to amend. The fact that this case remains in its early stages also suggests that amending the Answer would cause no prejudice to Martinez. Finally, amendment would not be futile since Navy League is seeking to add what appears to be a viable affirmative defense. Accordingly, the Court **GRANTS** Navy's League's Motion for Leave to Amend Answer. (ECF No. 49.) Navy League shall file an amended answer **no later than Tuesday, May 13, 2014**.

The Court also notes that this case has been languishing in the pleading stages for six months due to a considerable amount of motion practice. The Court is familiar with the facts and issues of this case and believes that the parties' time would be better spent attempting settlement. Therefore, notwithstanding the settlement conference deadline in the Scheduling and Case Management Order, the Court **ORDERS** the parties to contact the Magistrate Judge assigned to this action **within 7 days** of this Order to schedule a mandatory settlement conference for the first available date on the Magistrate Judge's calendar.

**IT IS SO ORDERED.**

April 28, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**